```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| GEORGE L. KIRBYSON, | Case No. 08-4966 SC |
| Plaintiff, | ORDER Re: MOTIONS TO DISMISS FIRST AMENDED COMPLAINT |
| v. | |
| TESORO REFINING AND MARKETING COMPANY; BRUCE SMITH; DAN PORTER; WILLIAM BODNAR; BILL REITZEL; DANIEL CARLSON; RICK RIOS; TAMMY MEAMBER; DIANE DANIELS; LARRY ANGEL; UNITED STEEL WORKERS, INTERNATIONAL UNION LOCAL 5; JEFF CLARK; STEVE ROJEK, and DOES 1 through 200, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Now before the Court are three motions to dismiss the First Amended Complaint of Plaintiff George Kirbyson ("Plaintiff"). The first is a motion to dismiss and to strike submitted by Defendant Larry Angel. Docket No. 20 ("Angel MTD"). This motion has been fully briefed. Docket Nos. 21 ("Angel Mem. of P&A"), 24 ("Opp'n to Angel MTD"), 27 ("Angel Reply"). The second motion to dismiss has been filed by Defendants Bruce Smith ("Smith"), Dan Porter ("Porter"), William Bodnar ("Bodnar"), Bill Reitzel ("Reitzel"), Daniel Carlson ("Carlson"), Rick Rios ("Rios"), Tammy Meamber ("Meamber"), and Diane Daniel ("Daniel;" collectively, "Individual

Defendants"). Docket No. 22 ("Smith MTD"). This motion is fully briefed. Docket Nos. 26 ("Opp'n to Smith MTD"), 28 ("Smith Reply"). Defendant Tesoro Refining and Marketing Company ("Tesoro") has filed the third motion to dismiss, which has also been fully briefed. Docket Nos. 23 ("Tesoro MTD"), 25 ("Opp'n to Tesoro MTD"), 30 ("Tesoro Reply").[1]

Having considered the papers submitted by these parties, the Court concludes that this matter is suitable for determination without oral argument. For the reasons stated below, the motions to dismiss submitted by Angel and the Individual Defendants are GRANTED. Tesoro's motion to dismiss is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Plaintiff joined the U.S. Air Force in 1994, and transitioned into the Air Force Reserve in 1999. First Amended Complaint ("FAC"), Docket NO. 15, ¶ 20. Upon his transition, Plaintiff began working as a refinery operator at the Golden Eagle Refinery, which Tesoro purchased at some point prior to 2003. Id. ¶ 21. In January of 2005, while Plaintiff was employed by Tesoro, Plaintiff was recalled to active duty with the Air Force and deployed to Iraq. Id. ¶ 22. While serving, Plaintiff was injured and permanently disabled -- Plaintiff does not indicate the extent of his injury, and only notes that it was "orthopedic" in nature. Id. ¶ 23. He was medically retired from the Air Force in November of

---

[1] Defendants United Steel Workers, International Union Local 5 ("USW"), Jeff Clark and Steve Rojek have not submitted any motions to dismiss, and have instead chosen to answer the First Amended Complaint. Docket No. 17.

2

2008. Id.

At the time that Plaintiff was recalled to the Air Force, he informed Tesoro and was placed on active military leave. Id. ¶ 22. Although Tesoro filled his position, Plaintiff was assured that he would be "taken care of" when he returned from service. Id. ¶ 24. However, when Plaintiff retired from the military, he was ultimately denied reemployment from Tesoro.

When Plaintiff sought reemployment with Tesoro, he initially met with Angel, a physician's assistant located at Tesoro's refinery. Id. ¶ 26. Plaintiff claims that Angel did not give Plaintiff any "formal evaluation of his physical capabilities," and informed Plaintiff "that he did not think that Tesoro would accommodate" him. Id. Plaintiff next met with Daniels, who was employed in Tesoro's human resources department. Id. ¶ 27. Plaintiff informed her of several open positions in the refinery which he believed he could fill, and contacted her on several later occasions. Id. However, on December 22, 2008, Daniels called Plaintiff to tell him that "the company is unable to accommodate you" and that he was being terminated from employment with Tesoro, effective immediately. Id. ¶ 28. Plaintiff claims that Carlson and Rios approved his termination. Id.

The next day, Plaintiff left a voicemail with Smith, the President and Chairmen of Tesoro, and requested a chance to speak with him about the termination. Id. ¶ 32. Although Smith did not personally respond to Plaintiff's message, Porter, the Senior Vice President of Refining Operations, returned Plaintiff's call the following day. Id. ¶¶ 32-33. Porter initially claimed that he would contact Smith, as well as Rios and Bodnar at the refinery, to

"get to the bottom of the situation" -- however, Plaintiff never heard from Porter again. Id. ¶ 33.[2]

Plaintiff alleges a total of seven causes of action against Tesoro. He claims that Tesoro (1) violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq.; (2) violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (3) violated California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.; (4) wrongfully terminated him in violation of fundamental public policy; (5) violated section 389 et seq. of the California Military and Veterans Code ("section 389"); (6) breached the collective bargaining agreement with USW; and (7) was negligent in hiring, training, supervising, or retaining its employees. Id. ¶¶ 40-73.

Plaintiff's causes of action against Angel and the Individual Defendants are more limited. He only brings one cause of action against Angel, for violation of section 389. Id. ¶¶ 63-66. He brings two causes of action against the Individual Defendants, including (1) violation of section 389; and (2) negligent hiring, training, supervision and retention. Id. ¶¶ 71-73.

## III. LEGAL STANDARD

Defendants Smith and Porter both claim that this Court lacks personal jurisdiction over them, and move for dismissal under Rule

---

[2] The FAC only mentions Defendant Reitzel as the employee who informed Plaintiff that Tesoro had filled his position at the refinery, although it also alleges that Reitzel "was responsible for management decisions relating to the hiring, training, supervision, retention and termination of those employees under his supervision." FAC ¶¶ 7, 25.

12(b)(2) of the Federal Rules of Civil Procedures. Where a court considers a 12(b)(2) motion without an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted). Jurisdiction must comport with both the long-arm statute of the state in which the district court sits, as well as the constitutional requirements of due process. Mattel, Inc., v. Greiner & Hausser GmbH, 354 F.3d 857, 863 (9th Cir. 2003). The Ninth Circuit has recognized that the California long-arm statute, Cal. Code Civ. Proc. § 410.10, allows Courts to exercise jurisdiction to the limits of the Due Process Clause of the Constitution, "so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto v. Hansing, 539 F.3d 1011, 1015-16 (9th Cir. 2009).

In addition, Individual Defendants, Angel, and Tesoro all claim that Plaintiff has failed to state a claim upon which relief can be granted against them, and have moved for dismissal on this basis. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). It requires a court to determine whether a Complaint comports with Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). With regard to well-pleaded factual allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007). The court need not accept as true legal conclusions couched as factual allegations. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

## IV. DISCUSSION

### A. Personal Jurisdiction over Smith and Porter

Plaintiff does not allege that Smith or Porter reside, work, or possess property in California -- in fact, the FAC suggests that they both work in Bexar County, Texas. FAC ¶¶ 3-4. "It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 922 (9th Cir. 2001). Plaintiff must therefore allege some other basis for asserting jurisdiction over these two defendants.

A defendant may be subject to personal jurisdiction within a particular judicial district pursuant to theories of either general or specific jurisdiction. <u>See</u> <u>Boschetto</u>, 539 F.3d at 1015-16. In his Opposition, Plaintiff only suggests that Smith and Porter may be subject to specific jurisdiction. Opp'n to Smith MTD at 3-9. "[A] court may exercise specific jurisdiction

over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court." Unocal Corp., 248 F.3d at 923. Where the alleged contact with the forum state is limited, as in this case, "the cause of action must arise out of that particular purposeful contact . . . ." Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). The Ninth Circuit has developed a three-pronged test to determine whether specific jurisdiction over a non-resident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Boschetto, 539 F.3d at 1016 (quoting Schwarzenegger, 374 F.3d at 801).

Both the Supreme Court and the Ninth Circuit have recognized that "purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction . . . ." Unocal, 248 F.3d at 923-24; see also Burger King v. Rudzewicz, 471 U.S. 462, 475-76 (1985). Purposeful availment may therefore satisfy the first part of the Ninth Circuit's test. Unocal, 248 F.3d at 924. It "requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state,'" id. (quoting Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990)), or

7

that the out-of-state defendant performed an injurious act, knowing that "the brunt of that injury would be felt by" someone in the forum state, Calder v. Jones, 465 U.S. 783, 789-90 (1984).

The alleged contact that Smith or Porter had with California is extremely limited. Plaintiff left Smith a voice mail. FAC ¶ 32. Smith then instructed Porter to call Plaintiff, and Porter told Plaintiff that he would talk to employees at the Refinery to investigate and "get to the bottom of the situation." Id. ¶ 33. Porter told Plaintiff that he would get back to him, but he never did; Plaintiff was eventually called by another Tesoro employee and told that Porter would not be able to speak to Plaintiff about his termination. Id. ¶¶ 33, 36. This contact was initiated by Plaintiff, and neither Smith nor Porter is alleged to have directed any injurious communications towards the forum state. The quality of the only contact direct to Plaintiff -- a vague and presumably false assurance from Porter -- does not rise to the level of an "intentional and allegedly tortious act[] expressly aimed at the forum." C.f. Brainerd v. Governors of University of Alberta, 873 F.2d 1257, 1259-60 (9th Cir. 1989) (finding defendant intentionally directed activities towards forum, where defendant allegedly made tortious statements during phone call initiated by plaintiff). The Court finds that Porter's innocuous reaction to Plaintiff's phone call is insufficient to establish "purposeful availment."

Plaintiff also suggests that "the factual allegations presented by Plaintiff demonstrate that Defendants Smith and Porter participated in the alleged wrongful conduct against Plaintiff . . . at a minimum by personally ratifying and/or

acquiescing to the wrongful conduct by their employees . . . ." Opp'n to Smith MTD at 8. The FAC demonstrates nothing of the sort. There is no basis to conclude that Smith, the President and Chairman of the Board, or Porter, the Senior Vice President of Refining, personally ratified, or even knew about, the termination before it occurred. Although Porter's comments to Plaintiff suggest that Porter later learned of the termination and did nothing to remedy it, the Court finds that this type of acquiescence is not sufficient to establish that Porter "directed" his activity towards this forum in a manner sufficient to give rise to personal jurisdiction over him. Plaintiff has failed to meet his burden of establishing a basis for jurisdiction over Smith and Porter.

### B. Whether Plaintiff Has Stated a Claim Against Angel and the Individual Defendants

#### 1. California Military & Veterans Code Section 389

The remaining Individual Defendants claim that Plaintiff's sixth cause of action for violation of section 389 should be dismissed with prejudice, because individual supervisors, employees, and corporate agents should not be held personally liable for employment discrimination claims where the claims arise out of the performance of regular personnel management duties. Smith MTD at 13-15.

Plaintiff's response is based on the plain language of section 394(a) of the California Military and Veterans Code, which reads as follows:

> No person shall discriminate against any officer, warrant officer or enlisted member of the military or naval forces of the state or of the

> United States because of that membership. No member of the military forces shall be prejudiced or injured by any person, employer, or officer or agent of any corporation, company, or firm with respect to that member's employment, position or status or be denied or disqualified for employment by virtue of membership or service in the military forces of this state or of the United States.

Cal. Mil & Vet. Code § 394(a) ("subsection 394(a)").[3] The statute expressly applies to the actions of "any person," in addition to any "employer, or officer or agent of any corporation, company, or firm." Id. Plaintiff claims that this language was intended to create liability not just as to employers, but also as to individual employees who were somehow involved in the acts of discrimination. Opp'n to Smith MTD at 10.

The Court is not aware of any authority specifically interpreting the language of subsection 394(a). However, the Court is persuaded that a California court would not interpret the statute so as to reach "persons" who are being sued for claims that "arise out of the performance of necessary personnel management duties." Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 63-64 (Ct. App. 1996). In Janken, a California appellate panel considered whether discrimination claims could be brought against supervisors, in their personal capacity, under FEHA. FEHA makes it illegal for "an employer" to discriminate "because of the race, religious creed, color, national origin, ancestry, physical

---

[3] Plaintiff also suggests that the Individual Defendants might be liable under California Military and Veterans Code § 394(d), which applies only to employment discrimination based on membership in "the military or naval forces of this state," as opposed to "the military forces of this state or of the United States." Compare Cal. Mil. & Vet. Code § 394(a) and id. § 394(d). The Court need not at this time reach the question of whether this difference precludes Plaintiff from relying on subsection 394(d).

10

disability, mental disability, medical condition, marital status, sex, age, or sexual orientation." Cal. Gov't Code § 12940(a). "Employer" is defined under the statute to include "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly." Id. § 12926(d). On its face, the statute could therefore be read to apply to supervisors as persons acting as direct agents for an employer. Nevertheless, the panel concluded that there was a strong consensus against holding individual employees and supervisors personally liable for discrimination claims based solely on managerial acts, and further expressed concern that holding managers liable may chill effective management while adding, at best, meager additional protections or recompense to victims of discrimination. Janken, 46 Cal. App. 4th at 67-71, 72-76 ("Little would be added to the protection of employees by the addition of individual supervisory employees as defendants, and what little would be added would be at potentially great cost."); see also Reno v. Baird, 18 Cal. 4th 640, 645-654 (1998) (adopting reasoning of Janken).

In the context of subsection 394(a), the inclusion of the words "any person," in addition to "officer or agent of any corporation," is as ambiguous as FEHA's use of the term "employer" to include "any person acting as an agent of an employer." Both statutes are broad enough to encompass discriminatory actions taken by individual supervisors, but neither answers the question of whether that individual supervisor may be personally liable in his or her individual capacity. The unique language of subsection 394(a) clearly expands the application of the subsection beyond

11

the employment context, but it does not necessarily attach personal liability to supervisors where the suit properly lies against their employers. Plaintiff has provided no rationale for distinguishing subsection 394(a) from FEHA in this regard. This Court therefore concludes that Plaintiff may not assert his section 389 claims against the Individual Defendants. Plaintiff's sixth cause of action is therefore DISMISSED WITH PREJUDICE as to the Individual Defendants.[4]

### 2. Negligent Hiring, Training and Supervision

Plaintiff's claim against the Individual Defendants for negligent hiring, training, supervision and retention also fails. "In California, an employer can be held liable for negligent hiring if he knows the employee is unfit, or has reason to believe the employee is unfit or fails to use reasonable care to discover the employee's unfitness before hiring him." Juarez v. Boy Scouts of America, Inc., 81 Cal. App. 4th 377, 395 (Ct. App. 2000).

> Liability for negligent hiring . . . is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees. Negligence liability will be imposed on an employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.

Phillips v. TLC Plumbing, Inc., 172 Cal. App. 4th 1133, 1139 (Ct. App. 2009) (citations and quotation marks omitted).

---

[4] This rationale also applies to Angel, who was "a physician's assistant" at Tesoro's refinery and was allegedly acting as Tesoro's agent, although not as an "employee." See FAC ¶¶ 11, 26. Plaintiff does not attempt to distinguish Angel from the other Individual Defendants on the basis of his employment status. This cause of action is therefore DISMISSED WITH PREJUDICE as to Angel.

12

Plaintiff is apparently alleging that all of the Individual Defendants (except Daniels) are liable because they negligently hired, supervised, trained, or retained the other employees who mistreated Plaintiff. The FAC includes general allegations that "Defendants" had a duty to hire, supervise, and train Tesoro's employees, and also includes statements that specific Individual Defendants had a general responsibility for the hiring or "management of employees." FAC ¶¶ 5-9, 72. However, Plaintiff does not specify which particular employee was "unfit," and in what way, except to say that Tesoro's employees could not properly abide by the various statutory requirements mentioned throughout the FAC.[5] Plaintiff does not identify any particular Individual Employees who had a duty to train that person. Instead, Plaintiff asserts this claim against all Individual Defendants except Daniels. This cause of action appears to be a shotgun attempt by Plaintiff to hold each Individual Defendant liable based on any misconduct of any of the other Defendants. The Court is not persuaded that this is an appropriate use of this cause of action, or that the FAC presents facts that render this a plausible claim against any particular Individual Defendant. This cause of action is DISMISSED as to the Individual Defendants.

**C. Whether Plaintiff has Stated a Claim Against Tesoro**

1. Plaintiff's Discrimination Claims

Plaintiff pleads that Tesoro discriminated against him based on both his military service and his disability, and that he was

---

[5] The single concrete basis for unfitness that the FAC seems to allege is against Daniels, who "had never heard of USERRA." FAC ¶ 37. This is simply not enough to create a plausible inference that Daniels was unfit for her job or that any other defendant should have been aware that Daniels was unfit for her job.

13

terminated as a result of this discrimination. "Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, (2002)).

To prevail under the ADA,[6] Plaintiff ultimately "must show that (1) [he] is a disabled person within the meaning of the ADA; (2) [he] is a qualified individual, meaning [he] can perform the essential functions of [his] job; and (3) [Tesoro] terminated [him] because of [his] disability." Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).[7] The Court finds that, although the FAC lacks certain details, it sufficiently notifies Tesoro of the claims against it. Plaintiff does not provide any description of his disability, except to say that it is the result of an "orthopedic" injury. See FAC ¶ 23. However, he does claim that he was declared permanently disabled and medically retired from the military as a result of this injury. Id. ¶ 23. The FAC sets out, in detail, the dates and the names of his contact with Tesoro, and it includes facts that clearly suggest that Plaintiff was not rehired on account of his disability. Plaintiff was told by Angel that "he did not think Tesoro would accommodate" him, and Daniels told him that "the company is unable to accommodate you" when she informed him of his termination. Id. ¶¶ 26, 28. Plaintiff has

---

[6] "[T]he FEHA provisions relating to disability discrimination are based on the ADA," and courts typically examine claims under these statutes in conjunction with one another. See Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1133 n.6 (9th Cir. 2001).

[7] Tesoro does not challenge Plaintiff's disabled status, or the allegation that Plaintiff was terminated due to his disability.

14

received right-to-sue letters from both the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission. FAC ¶¶ 38-39. The FAC is therefore more than sufficient to allow Tesoro to prepare its defense, and it is also sufficient to raise his claims for discrimination based on his disability, and for a failure to accommodate his disability, above the speculative level.

Tesoro argues that Plaintiff should plead, with greater specificity, precisely what his disabilities were, the essential features of the position that he sought to fill, and how Tesoro was supposed to accommodate him. Tesoro MTD at 4-8. However, Tesoro fails to identify any legal authority that suggests that Plaintiff must plead this level of particularity at this stage of the litigation. To be sure, Plaintiff will later need to establish that he is a "qualified individual," and this will require him to show that he was "'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position . . . .'" Rohr v. Salt River Project Agric. Improvement and Power Dist., 555 F.3d 850, 862 (9th Cir. 2009) (quoting 42 U.S.C. §§ 12111(8), 12112(a)). In later stages of this suit, "part of the plaintiff's initial burden [will] include[] 'showing the existence of a reasonable accommodation.'" Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1046-47 (9th Cir. 1999) (quoting Barnett v. U.S. Air, Inc., 157 F.3d 744, 749 (9th Cir. 1998)). However, were this Court to require the FAC to spell out precisely how Tesoro should have accommodated him, this would be tantamount to requiring Plaintiff to establish a prima facie case at the dismissal stage. No such heightened pleading

standard is required. See Swierkiewicz, 534 U.S. at 511 (rejecting requirement that plaintiff establish prima facie case of discrimination to survive motion to dismiss in Title VII suit); see also Twombly, 550 U.S. at 569-570 (reaffirming substance of Swierkiewicz).

Whether Plaintiff pleads a plausible cause of action for discrimination based on his military status is a closer question. Plaintiff can point to nothing in the FAC that suggests that his termination was in any way related to his military status -- instead, the allegations strongly indicate that he was terminated because of his disability. Plaintiff's sole argument is as follows:

> [I]t is reasonable to infer that Defendants discriminated against Plaintiff Kirbyson based on Kirbyson's military service since other (non-military) Tesoro employees were treating [sic] more favorably than Plaintiff Kirbyson (i.e., non-military employees with disabilities were provided with reasonable accommodations . . . ) and based on the temporal proximity of Plaintiff's termination to his return from military service.

Opp'n to Tesoro at 10-11. However, the FAC contains no fact that suggests that other employees with disabilities were treated differently than Plaintiff. Moreover, the FAC suggests that Tesoro's initial response to Plaintiff's recall to the military was appropriate -- he was placed on leave and told that he would be "taken care of." FAC ¶¶ 22, 24. Plaintiff was not terminated until after he was disabled. Id. 28. When Tesoro's reaction to his service is coupled with the plausible explanation for his termination that is articulated in the FAC, the FAC leaves no fact that creates a plausible inference that Plaintiff's military

16

service was a motivating factor in his termination.[8] Plaintiff's claim that Tesoro discriminated against him on the basis of his military status appears to be pure speculation.

Because Plaintiff has failed to plausibly allege that Tesoro discriminated against him based on his military service, Plaintiff's sixth cause of action for violation of section 389 is DISMISSED WITHOUT PREJUDICE as to Tesoro. However, this does not preclude Plaintiff from stating a claim against Tesoro for violation of USERRA, to the extent that Plaintiff is asserting that Tesoro failed to reasonably accommodate him as a disabled service member returning from duty. See 38 U.S.C. §§ 4312, 4313(a)(3). Tesoro's motion to dismiss is DENIED with respect to Plaintiff's first cause of action for violation of USERRA, second cause of action for violation of the ADA, third cause of action for violation of FEHA, and fifth cause of action for wrongful termination.

### 2. Breach of Contract Claim

Plaintiff alleges that he is a beneficiary of the collective bargaining agreement between Tesoro and USW, and that Tesoro breached this agreement when it terminated him without cause. FAC ¶¶ 68-69. "A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff

---

[8] Plaintiff only cites the case of Barnett v. U.S. Air, Inc., 196 F.3d 979, 994 (9th Cir. 1998), for the claim that the "temporal proximity" of his termination to his service might give rise to an inference of discrimination. Opp'n to Tesoro MTD at 11. However, Barnett was describing a retaliation claim, which was significantly more conducive to an inference based on the timing of the parties' activities. The Court finds that the inference in this case is far weaker -- so weak, in light of the other allegations, as to be implausible or merely speculative.

17

resulting therefrom." <u>Spinks v. Equity Residential Briarwood Apartments</u>, 171 Cal. App. 4th 1004, 1031 (Ct. App. 2009) (quotation marks and citation omitted). Tesoro rests its arguments on one basis for dismissal of this cause of action: that Plaintiff failed to sufficiently identify the terms of the contract or his damages. <u>See</u> Tesoro MTD at 14-15.

Plaintiff pleads the existence of a contract and explains how Tesoro breached that contract: by terminating him without cause. FAC ¶¶ 68-69. "The complaint must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim. For example, a claim on a written contract must either (1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect." <u>Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.</u>, 362 F. Supp. 2d 744 (N.D. Tex. 2005). Although Plaintiff has not quoted directly from the contract, he has identified the specific contract (of which Tesoro has presumably kept a copy), and has sufficiently summarized its legal effect (protection from termination without cause) to allow Tesoro to prepare its response.

### 3. <u>Negligence</u>

For the reasons identified in Part IV.B.2, <u>supra</u>, this Court is not persuaded that Plaintiff has plausibly pled a failure to use reasonable care in the hiring, training, supervision or retention of employees, based solely on an alleged failure to comport with certain laws.

///

///

**V.  CONCLUSION**

The Court hereby GRANTS the Individual Defendants' motion to dismiss, as well as Larry Angel's motion to dismiss.  Plaintiff's sixth cause of action is DISMISSED WITH PREJUDICE as to all defendants except Tesoro Refining and Marketing Company.  Plaintiff's eighth cause of action is DISMISSED WITHOUT PREJUDICE as to all defendants; however, Plaintiff is strongly discouraged from attempting to bring this claim against any Individual Defendant unless he can plead facts that indicate that an employee of Tesoro was so unfit for his or her position as to give rise to a plausible inference that a particular Individual Defendant was negligent in hiring, training, or supervising that employee.

The Court hereby GRANTS Tesoro Refining and Marketing Company's motion to dismiss WITHOUT PREJUDICE as to Plaintiff's sixth and eighth causes of action.  Tesoro Refining and Marketing Company's motion to dismiss is DENIED as to (1) Plaintiff's first cause of action for violation of USERRA, (2) second cause of action for violation of the ADA, (3) third cause of action for violation of FEHA, (4) fifth cause of action for wrongful termination, and (5) seventh cause of action for breach of contract; these causes of action are undisturbed as to Defendant Tesoro Refining and Marketing Company.  Should Plaintiff choose to submit an amended complaint, he must do so no later than thirty (30) days from the date of this Order.

IT IS SO ORDERED.

Dated:  March 2, 2010

UNITED STATES DISTRICT JUDGE

19