1

2

3

4                      IN THE UNITED STATES DISTRICT COURT

5                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    GEORGE L. KIRBYSON,                 )  Case No. 08-4966 SC
                                         )
8              Plaintiff,                )  ORDER Re: MOTIONS TO
                                         )  DISMISS FIRST AMENDED
9         v.                             )  COMPLAINT
                                         )
10                                       )
     TESORO REFINING AND MARKETING       )
11   COMPANY; BRUCE SMITH; DAN PORTER;   )
     WILLIAM BODNAR; BILL REITZEL;       )
12   DANIEL CARLSON; RICK RIOS; TAMMY    )
     MEAMBER; DIANE DANIELS; LARRY       )
13   ANGEL; UNITED STEEL WORKERS,        )
     INTERNATIONAL UNION LOCAL 5; JEFF   )
14   CLARK; STEVE ROJEK, and DOES 1      )
     through 200, inclusive,             )
15                                       )
                                         )
16             Defendants.               )
                                         )
17   _____ )

18   I.   **INTRODUCTION**

19        Now before the Court are three motions to dismiss the First

20   Amended Complaint of Plaintiff George Kirbyson ("Plaintiff").  The

21   first is a motion to dismiss and to strike submitted by Defendant

22   Larry Angel.  Docket No. 20 ("Angel MTD").  This motion has been

23   fully briefed.  Docket Nos. 21 ("Angel Mem. of P&A"), 24 ("Opp'n

24   to Angel MTD"), 27 ("Angel Reply").  The second motion to dismiss

25   has been filed by Defendants Bruce Smith ("Smith"), Dan Porter

26   ("Porter"), William Bodnar ("Bodnar"), Bill Reitzel ("Reitzel"),

27   Daniel Carlson ("Carlson"), Rick Rios ("Rios"), Tammy Meamber

28   ("Meamber"), and Diane Daniel ("Daniel;" collectively, "Individual

Defendants").  Docket No. 22 ("Smith MTD").  This motion is fully briefed.  Docket Nos. 26 ("Opp'n to Smith MTD"), 28 ("Smith Reply").  Defendant Tesoro Refining and Marketing Company ("Tesoro") has filed the third motion to dismiss, which has also been fully briefed.  Docket Nos. 23 ("Tesoro MTD"), 25 ("Opp'n to Tesoro MTD"), 30 ("Tesoro Reply").[1]

Having considered the papers submitted by these parties, the Court concludes that this matter is suitable for determination without oral argument.  For the reasons stated below, the motions to dismiss submitted by Angel and the Individual Defendants are GRANTED.  Tesoro's motion to dismiss is GRANTED IN PART and DENIED IN PART.

**II.  BACKGROUND**

Plaintiff joined the U.S. Air Force in 1994, and transitioned into the Air Force Reserve in 1999.  First Amended Complaint ("FAC"), Docket NO. 15, ¶ 20.  Upon his transition, Plaintiff began working as a refinery operator at the Golden Eagle Refinery, which Tesoro purchased at some point prior to 2003.  Id. ¶ 21.  In January of 2005, while Plaintiff was employed by Tesoro, Plaintiff was recalled to active duty with the Air Force and deployed to Iraq.  Id. ¶ 22.  While serving, Plaintiff was injured and permanently disabled -- Plaintiff does not indicate the extent of his injury, and only notes that it was "orthopedic" in nature.  Id. ¶ 23.  He was medically retired from the Air Force in November of

---

[1] Defendants United Steel Workers, International Union Local 5 ("USW"), Jeff Clark and Steve Rojek have not submitted any motions to dismiss, and have instead chosen to answer the First Amended Complaint.  Docket No. 17.

United States District Court
For the Northern District of California

1   2008.  Id.

2        At the time that Plaintiff was recalled to the Air Force, he
3   informed Tesoro and was placed on active military leave.  Id. ¶ 22.
4   Although Tesoro filled his position, Plaintiff was assured that he
5   would be "taken care of" when he returned from service.  Id. ¶ 24.
6   However, when Plaintiff retired from the military, he was
7   ultimately denied reemployment from Tesoro.

8        When Plaintiff sought reemployment with Tesoro, he initially
9   met with Angel, a physician's assistant located at Tesoro's
10  refinery.  Id. ¶ 26.  Plaintiff claims that Angel did not give
11  Plaintiff any "formal evaluation of his physical capabilities," and
12  informed Plaintiff "that he did not think that Tesoro would
13  accommodate" him.  Id.  Plaintiff next met with Daniels, who was
14  employed in Tesoro's human resources department.  Id. ¶ 27.
15  Plaintiff informed her of several open positions in the refinery
16  which he believed he could fill, and contacted her on several later
17  occasions.  Id.  However, on December 22, 2008, Daniels called
18  Plaintiff to tell him that "the company is unable to accommodate
19  you" and that he was being terminated from employment with Tesoro,
20  effective immediately.  Id. ¶ 28.  Plaintiff claims that Carlson
21  and Rios approved his termination.  Id.

22       The next day, Plaintiff left a voicemail with Smith, the
23  President and Chairmen of Tesoro, and requested a chance to speak
24  with him about the termination.  Id. ¶ 32.  Although Smith did not
25  personally respond to Plaintiff's message, Porter, the Senior Vice
26  President of Refining Operations, returned Plaintiff's call the
27  following day.  Id. ¶¶ 32-33.  Porter initially claimed that he
28  would contact Smith, as well as Rios and Bodnar at the refinery, to

United States District Court
For the Northern District of California

3

1    "get to the bottom of the situation" -- however, Plaintiff never

2    heard from Porter again.  Id. ¶ 33.[2]

3        Plaintiff alleges a total of seven causes of action against

4    Tesoro.  He claims that Tesoro (1) violated the Uniformed Services

5    Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301

6    et seq.; (2) violated the Americans with Disabilities Act ("ADA"),

7    42 U.S.C. § 12101 et seq.; (3) violated California's Fair

8    Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et

9    seq.; (4) wrongfully terminated him in violation of fundamental

10   public policy; (5) violated section 389 et seq. of the California

11   Military and Veterans Code ("section 389"); (6) breached the

12   collective bargaining agreement with USW; and (7) was negligent in

13   hiring, training, supervising, or retaining its employees.  Id.

14   ¶¶ 40-73.

15       Plaintiff's causes of action against Angel and the Individual

16   Defendants are more limited.  He only brings one cause of action

17   against Angel, for violation of section 389.  Id. ¶¶ 63-66.  He

18   brings two causes of action against the Individual Defendants,

19   including (1) violation of section 389; and (2) negligent hiring,

20   training, supervision and retention.  Id. ¶¶ 71-73.

21

22   **III. LEGAL STANDARD**

23       Defendants Smith and Porter both claim that this Court lacks

24    personal jurisdiction over them, and move for dismissal under Rule

25

26   [2] The FAC only mentions Defendant Reitzel as the employee who
     informed Plaintiff that Tesoro had filled his position at the
27   refinery, although it also alleges that Reitzel "was responsible
     for management decisions relating to the hiring, training,
28   supervision, retention and termination of those employees under his
     supervision."  FAC ¶¶ 7, 25.

12(b)(2) of the Federal Rules of Civil Procedures.  Where a court considers a 12(b)(2) motion without an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant."  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted).  Jurisdiction must comport with both the long-arm statute of the state in which the district court sits, as well as the constitutional requirements of due process.  Mattel, Inc., v. Greiner & Haussser GmbH, 354 F.3d 857, 863 (9th Cir. 2003).  The Ninth Circuit has recognized that the California long-arm statute, Cal. Code Civ. Proc. § 410.10, allows Courts to exercise jurisdiction to the limits of the Due Process Clause of the Constitution, "so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process."  Boschetto v. Hansing, 539 F.3d 1011, 1015-16 (9th Cir. 2009).

In addition, Individual Defendants, Angel, and Tesoro all claim that Plaintiff has failed to state a claim upon which relief can be granted against them, and have moved for dismissal on this basis.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  It requires a court to determine whether a Complaint comports with Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

**United States District Court**
For the Northern District of California

under a cognizable legal theory.  Balistreri v. Pacifica Police
Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Allegations of material
fact are taken as true and construed in the light most favorable
to the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80
F.3d 336, 337-38 (9th Cir. 1996).  With regard to well-pleaded
factual allegations, the court should assume their truth, but a
motion to dismiss should be granted if the plaintiff fails to
proffer "enough facts to state a claim for relief that is
plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,
547 (2007).  The court need not accept as true legal conclusions
couched as factual allegations.  Ashcroft v. Iqbal, 129 S. Ct.
1937, 1949-50 (2009).

## IV.  DISCUSSION

### A.   Personal Jurisdiction over Smith and Porter

Plaintiff does not allege that Smith or Porter reside, work,
or possess property in California -- in fact, the FAC suggests
that they both work in Bexar County, Texas.  FAC ¶¶ 3-4.  "It is
the plaintiff's burden to establish the court's personal
jurisdiction over a defendant."  Doe v. Unocal Corp., 248 F.3d
915, 922 (9th Cir. 2001).  Plaintiff must therefore allege some
other basis for asserting jurisdiction over these two defendants.

A defendant may be subject to personal jurisdiction within a
particular judicial district pursuant to theories of either
general or specific jurisdiction.  See Boschetto, 539 F.3d at
1015-16.  In his Opposition, Plaintiff only suggests that Smith
and Porter may be subject to specific jurisdiction.  Opp'n to
Smith MTD at 3-9.  "[A] court may exercise specific jurisdiction

6

over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court." Unocal Corp., 248 F.3d at 923.   Where the alleged contact with the forum state is limited, as in this case, "the cause of action must arise out of that particular purposeful contact . . . ." Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).  The Ninth Circuit has developed a three-pronged test to determine whether specific jurisdiction over a non-resident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Boschetto, 539 F.3d at 1016 (quoting Schwarzenegger, 374 F.3d at 801).

   Both the Supreme Court and the Ninth Circuit have recognized that "purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction . . . ." Unocal, 248 F.3d at 923-24; see also Burger King v. Rudzewicz, 471 U.S. 462, 475-76 (1985).  Purposeful availment may therefore satisfy the first part of the Ninth Circuit's test.  Unocal, 248 F.3d at 924.  It "requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state,'" id. (quoting Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990)), or

United States District Court
For the Northern District of California

that the out-of-state defendant performed an injurious act, knowing that "the brunt of that injury would be felt by" someone in the forum state, Calder v. Jones, 465 U.S. 783, 789-90 (1984).

The alleged contact that Smith or Porter had with California is extremely limited.  Plaintiff left Smith a voice mail.  FAC ¶ 32.  Smith then instructed Porter to call Plaintiff, and Porter told Plaintiff that he would talk to employees at the Refinery to investigate and "get to the bottom of the situation."  Id. ¶ 33. Porter told Plaintiff that he would get back to him, but he never did; Plaintiff was eventually called by another Tesoro employee and told that Porter would not be able to speak to Plaintiff about his termination.  Id. ¶¶ 33, 36.  This contact was initiated by Plaintiff, and neither Smith nor Porter is alleged to have directed any injurious communications towards the forum state. The quality of the only contact direct to Plaintiff -- a vague and presumably false assurance from Porter -- does not rise to the level of an "intentional and allegedly tortious act[] expressly aimed at the forum."  C.f. Brainerd v. Governors of University of Alberta, 873 F.2d 1257, 1259-60 (9th Cir. 1989) (finding defendant intentionally directed activities towards forum, where defendant allegedly made tortious statements during phone call initiated by plaintiff).  The Court finds that Porter's innocuous reaction to Plaintiff's phone call is insufficient to establish "purposeful availment."

Plaintiff also suggests that "the factual allegations presented by Plaintiff demonstrate that Defendants Smith and Porter participated in the alleged wrongful conduct against Plaintiff . . . at a minimum by personally ratifying and/or

**United States District Court**
For the Northern District of California

acquiescing to the wrongful conduct by their employees . . . ."
Opp'n to Smith MTD at 8.  The FAC demonstrates nothing of the
sort.  There is no basis to conclude that Smith, the President and
Chairman of the Board, or Porter, the Senior Vice President of
Refining, personally ratified, or even knew about, the termination
before it occurred.  Although Porter's comments to Plaintiff
suggest that Porter later learned of the termination and did
nothing to remedy it, the Court finds that this type of
acquiescence is not sufficient to establish that Porter "directed"
his activity towards this forum in a manner sufficient to give
rise to personal jurisdiction over him.  Plaintiff has failed to
meet his burden of establishing a basis for jurisdiction over
Smith and Porter.

B.    **Whether Plaintiff Has Stated a Claim Against Angel and
      the Individual Defendants**

      1.    California Military & Veterans Code Section 389

    The remaining Individual Defendants claim that Plaintiff's
sixth cause of action for violation of section 389 should be
dismissed with prejudice, because individual supervisors,
employees, and corporate agents should not be held personally
liable for employment discrimination claims where the claims arise
out of the performance of regular personnel management duties.
Smith MTD at 13-15.

    Plaintiff's response is based on the plain language of section
394(a) of the California Military and Veterans Code, which reads
as follows:

        No person shall discriminate against any officer,
        warrant officer or enlisted member of the
        military or naval forces of the state or of the

9

**United States District Court**
For the Northern District of California

1  　　　　United States because of that membership. No
2  　　　　member of the military forces shall be prejudiced
　　　　or injured by any person, employer, or officer or
3  　　　　agent of any corporation, company, or firm with
　　　　respect to that member's employment, position or
　　　　status or be denied or disqualified for
4  　　　　employment by virtue of membership or service in
　　　　the military forces of this state or of the
5  　　　　United States.

6  Cal. Mil & Vet. Code § 394(a) ("subsection 394(a)").[3]  The statute

7  expressly applies to the actions of "any person," in addition to

8  any "employer, or officer or agent of any corporation, company, or

9  firm."  Id.  Plaintiff claims that this language was intended to

10 create liability not just as to employers, but also as to

11 individual employees who were somehow involved in the acts of

12 discrimination.  Opp'n to Smith MTD at 10.

13 　　　The Court is not aware of any authority specifically

14 interpreting the language of subsection 394(a).  However, the

15 Court is persuaded that a California court would not interpret the

16 statute so as to reach "persons" who are being sued for claims

17 that "arise out of the performance of necessary personnel

18 management duties."  Janken v. GM Hughes Electronics, 46 Cal. App.

19 4th 55, 63-64 (Ct. App. 1996).  In Janken, a California appellate

20 panel considered whether discrimination claims could be brought

21 against supervisors, in their personal capacity, under FEHA.  FEHA

22 makes it illegal for "an employer" to discriminate "because of the

23 race, religious creed, color, national origin, ancestry, physical

24 _____

25 [3] Plaintiff also suggests that the Individual Defendants might be
liable under California Military and Veterans Code § 394(d), which
26 applies only to employment discrimination based on membership in
"the military or naval forces of this state," as opposed to "the
27 military forces of this state or of the United States."  Compare
Cal. Mil. & Vet. Code § 394(a) and id. § 394(d).  The Court need
28 not at this time reach the question of whether this difference
precludes Plaintiff from relying on subsection 394(d).

disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."  Cal. Gov't Code § 12940(a). "Employer" is defined under the statute to include "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly."  Id. § 12926(d). On its face, the statute could therefore be read to apply to supervisors as persons acting as direct agents for an employer. Nevertheless, the panel concluded that there was a strong consensus against holding individual employees and supervisors personally liable for discrimination claims based solely on managerial acts, and further expressed concern that holding managers liable may chill effective management while adding, at best, meager additional protections or recompense to victims of discrimination.  Janken, 46 Cal. App. 4th at 67-71, 72-76 ("Little would be added to the protection of employees by the addition of individual supervisory employees as defendants, and what little would be added would be at potentially great cost."); see also Reno v. Baird, 18 Cal. 4th 640, 645-654 (1998) (adopting reasoning of Janken).

In the context of subsection 394(a), the inclusion of the words "any person," in addition to "officer or agent of any corporation," is as ambiguous as FEHA's use of the term "employer" to include "any person acting as an agent of an employer."  Both statutes are broad enough to encompass discriminatory actions taken by individual supervisors, but neither answers the question of whether that individual supervisor may be personally liable in his or her individual capacity.  The unique language of subsection 394(a) clearly expands the application of the subsection beyond

1   the employment context, but it does not necessarily attach

2   personal liability to supervisors where the suit properly lies

3   against their employers.  Plaintiff has provided no rationale for

4   distinguishing subsection 394(a) from FEHA in this regard.  This

5   Court therefore concludes that Plaintiff may not assert his

6   section 389 claims against the Individual Defendants.  Plaintiff's

7   sixth cause of action is therefore DISMISSED WITH PREJUDICE as to

8   the Individual Defendants.[4]

9                2.   Negligent Hiring, Training and Supervision

10       Plaintiff's claim against the Individual Defendants for

11  negligent hiring, training, supervision and retention also fails.

12  "In California, an employer can be held liable for negligent

13  hiring if he knows the employee is unfit, or has reason to believe

14  the employee is unfit or fails to use reasonable care to discover

15  the employee's unfitness before hiring him."  Juarez v. Boy Scouts

16  of America, Inc., 81 Cal. App. 4th 377, 395 (Ct. App. 2000).

17              Liability for negligent hiring . . . is based
18              upon the reasoning that if an enterprise hires
                individuals with characteristics which might pose
                a danger to customers or other employees, the
19              enterprise should bear the loss caused by the
                wrongdoing of its incompetent or unfit employees.
20              Negligence liability will be imposed on an
                employer if it knew or should have known that
21              hiring the employee created a particular risk or
                hazard and that particular harm materializes.

22

23  Phillips v. TLC Plumbing, Inc., 172 Cal. App. 4th 1133, 1139 (Ct.

24  App. 2009) (citations and quotation marks omitted).

25

26  [4] This rationale also applies to Angel, who was "a physician's
    assistant" at Tesoro's refinery and was allegedly acting as
27  Tesoro's agent, although not as an "employee."  See FAC ¶¶ 11, 26.
    Plaintiff does not attempt to distinguish Angel from the other
28  Individual Defendants on the basis of his employment status.  This
    cause of action is therefore DISMISSED WITH PREJUDICE as to Angel.

**United States District Court**
For the Northern District of California

1    Plaintiff is apparently alleging that all of the Individual

2    Defendants (except Daniels) are liable because they negligently

3    hired, supervised, trained, or retained the other employees who

4    mistreated Plaintiff.  The FAC includes general allegations that

5    "Defendants" had a duty to hire, supervise, and train Tesoro's

6    employees, and also includes statements that specific Individual

7    Defendants had a general responsibility for the hiring or

8    "management of employees."  FAC ¶¶ 5-9, 72.  However, Plaintiff

9    does not specify which particular employee was "unfit," and in

10   what way, except to say that Tesoro's employees could not properly

11   abide by the various statutory requirements mentioned throughout

12   the FAC.[5]  Plaintiff does not identify any particular Individual

13   Employees who had a duty to train that person.  Instead, Plaintiff

14   asserts this claim against all Individual Defendants except

15   Daniels.  This cause of action appears to be a shotgun attempt by

16   Plaintiff to hold each Individual Defendant liable based on any

17   misconduct of any of the other Defendants.  The Court is not

18   persuaded that this is an appropriate use of this cause of action,

19   or that the FAC presents facts that render this a plausible claim

20   against any particular Individual Defendant.  This cause of action

21   is DISMISSED as to the Individual Defendants.

22       **C.    Whether Plaintiff has Stated a Claim Against Tesoro**

23           1.   Plaintiff's Discrimination Claims

24       Plaintiff pleads that Tesoro discriminated against him based

25   on both his military service and his disability, and that he was

---

[5] The single concrete basis for unfitness that the FAC seems to
allege is against Daniels, who "had never heard of USERRA."  FAC
¶ 37.  This is simply not enough to create a plausible inference
that Daniels was unfit for her job or that any other defendant
should have been aware that Daniels was unfit for her job.

**United States District Court**
For the Northern District of California

terminated as a result of this discrimination.  "Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Williams v. Boeing Co.</u>, 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512, (2002)).

To prevail under the ADA,[6] Plaintiff ultimately "must show that (1) [he] is a disabled person within the meaning of the ADA; (2) [he] is a qualified individual, meaning [he] can perform the essential functions of [his] job; and (3) [Tesoro] terminated [him] because of [his] disability." <u>Nunes v. Wal-Mart Stores, Inc.</u>, 164 F.3d 1243, 1246 (9th Cir. 1999).[7]  The Court finds that, although the FAC lacks certain details, it sufficiently notifies Tesoro of the claims against it.  Plaintiff does not provide any description of his disability, except to say that it is the result of an "orthopedic" injury.  <u>See</u> FAC ¶ 23.  However, he does claim that he was declared permanently disabled and medically retired from the military as a result of this injury.  <u>Id.</u> ¶ 23.  The FAC sets out, in detail, the dates and the names of his contact with Tesoro, and it includes facts that clearly suggest that Plaintiff was not rehired on account of his disability.  Plaintiff was told by Angel that "he did not think Tesoro would accommodate" him, and Daniels told him that "the company is unable to accommodate you" when she informed him of his termination.  <u>Id.</u> ¶¶ 26, 28.  Plaintiff has

---

[6] "[T]he FEHA provisions relating to disability discrimination are based on the ADA," and courts typically examine claims under these statutes in conjunction with one another.  <u>See</u> <u>Humphrey v. Mem'l Hosps. Ass'n</u>, 239 F.3d 1128, 1133 n.6 (9th Cir. 2001).

[7] Tesoro does not challenge Plaintiff's disabled status, or the allegation that Plaintiff was terminated due to his disability.

**United States District Court**
For the Northern District of California

1    received right-to-sue letters from both the California Department

2    of Fair Employment and Housing and the Equal Employment Opportunity

3    Commission.  FAC ¶¶ 38-39.  The FAC is therefore more than

4    sufficient to allow Tesoro to prepare its defense, and it is also

5    sufficient to raise his claims for discrimination based on his

6    disability, and for a failure to accommodate his disability, above

7    the speculative level.

8        Tesoro argues that Plaintiff should plead, with greater

9    specificity, precisely what his disabilities were, the essential

10   features of the position that he sought to fill, and how Tesoro was

11   supposed to accommodate him.  Tesoro MTD at 4-8.  However, Tesoro

12   fails to identify any legal authority that suggests that Plaintiff

13   must plead this level of particularity at this stage of the

14   litigation.  To be sure, Plaintiff will later need to establish

15   that he is a "qualified individual," and this will require him to

16   show that he was "'an individual with a disability who, with or

17   without reasonable accommodation, can perform the essential

18   functions of the employment position . . . .'"  Rohr v. Salt River

19   Project Agric. Improvement and Power Dist., 555 F.3d 850, 862 (9th

20   Cir. 2009) (quoting 42 U.S.C. §§ 12111(8), 12112(a)).  In later

21   stages of this suit, "part of the plaintiff's initial burden [will]

22   include[] 'showing the existence of a reasonable accommodation.'"

23   Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1046-47 (9th

24   Cir. 1999) (quoting Barnett v. U.S. Air, Inc., 157 F.3d 744, 749

25   (9th Cir. 1998)).  However, were this Court to require the FAC to

26   spell out precisely how Tesoro should have accommodated him, this

27   would be tantamount to requiring Plaintiff to establish a prima

28   facie case at the dismissal stage.  No such heightened pleading

1  standard is required.  See Swierkiewicz, 534 U.S. at 511 (rejecting

2  requirement that plaintiff establish prima facie case of

3  discrimination to survive motion to dismiss in Title VII suit); see

4  also Twombly, 550 U.S. at 569-570 (reaffirming substance of

5  Swierkiewicz).

6         Whether Plaintiff pleads a plausible cause of action for

7  discrimination based on his military status is a closer question.

8  Plaintiff can point to nothing in the FAC that suggests that his

9  termination was in any way related to his military status --

10  instead, the allegations strongly indicate that he was terminated

11  because of his disability.  Plaintiff's sole argument is as

12  follows:

13            [I]t is reasonable to infer that Defendants
              discriminated against Plaintiff Kirbyson based on
14            Kirbyson's military service since other (non-
              military) Tesoro employees were treating [sic]
15            more favorably than Plaintiff Kirbyson (i.e.,
              non-military employees with disabilities were
16            provided with reasonable accommodations . . . )
              and based on the temporal proximity of
17            Plaintiff's termination to his return from
              military service.

18

19  Opp'n to Tesoro at 10-11.  However, the FAC contains no fact that

20  suggests that other employees with disabilities were treated

21  differently than Plaintiff.  Moreover, the FAC suggests that

22  Tesoro's initial response to Plaintiff's recall to the military was

23  appropriate -- he was placed on leave and told that he would be

24  "taken care of."  FAC ¶¶ 22, 24.  Plaintiff was not terminated

25  until after he was disabled.  Id. 28.  When Tesoro's reaction to

26  his service is coupled with the plausible explanation for his

27  termination that is articulated in the FAC, the FAC leaves no fact

28  that creates a plausible inference that Plaintiff's military

United States District Court
For the Northern District of California

service was a motivating factor in his termination.[8]  Plaintiff's claim that Tesoro discriminated against him on the basis of his military status appears to be pure speculation.

Because Plaintiff has failed to plausibly allege that Tesoro discriminated against him based on his military service, Plaintiff's sixth cause of action for violation of section 389 is DISMISSED WITHOUT PREJUDICE as to Tesoro.  However, this does not preclude Plaintiff from stating a claim against Tesoro for violation of USERRA, to the extent that Plaintiff is asserting that Tesoro failed to reasonably accommodate him as a disabled service member returning from duty.  See 38 U.S.C. §§ 4312, 4313(a)(3). Tesoro's motion to dismiss is DENIED with respect to Plaintiff's first cause of action for violation of USERRA, second cause of action for violation of the ADA, third cause of action for violation of FEHA, and fifth cause of action for wrongful termination.

                    2.   Breach of Contract Claim

Plaintiff alleges that he is a beneficiary of the collective bargaining agreement between Tesoro and USW, and that Tesoro breached this agreement when it terminated him without cause.  FAC ¶¶ 68-69.  "A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff

---

[8] Plaintiff only cites the case of Barnett v. U.S. Air, Inc., 196 F.3d 979, 994 (9th Cir. 1998), for the claim that the "temporal proximity" of his termination to his service might give rise to an inference of discrimination.  Opp'n to Tesoro MTD at 11.  However, Barnett was describing a retaliation claim, which was significantly more conducive to an inference based on the timing of the parties' activities.  The Court finds that the inference in this case is far weaker -- so weak, in light of the other allegations, as to be implausible or merely speculative.

United States District Court
For the Northern District of California

resulting therefrom." <u>Spinks v. Equity Residential Briarwood Apartments</u>, 171 Cal. App. 4th 1004, 1031 (Ct. App. 2009) (quotation marks and citation omitted).  Tesoro rests its arguments on one basis for dismissal of this cause of action: that Plaintiff failed to sufficiently identify the terms of the contract or his damages. <u>See</u> Tesoro MTD at 14-15.

Plaintiff pleads the existence of a contract and explains how Tesoro breached that contract: by terminating him without cause. FAC ¶¶ 68-69.  "The complaint must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim.  For example, a claim on a written contract must either (1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect." <u>Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.</u>, 362 F. Supp. 2d 744 (N.D. Tex. 2005).  Although Plaintiff has not quoted directly from the contract, he has identified the specific contract (of which Tesoro has presumably kept a copy), and has sufficiently summarized its legal effect (protection from termination without cause) to allow Tesoro to prepare its response.

3.   <u>Negligence</u>

For the reasons identified in Part IV.B.2, <u>supra</u>, this Court is not persuaded that Plaintiff has plausibly pled a failure to use reasonable care in the hiring, training, supervision or retention of employees, based solely on an alleged failure to comport with certain laws.

///

///

V.    <u>CONCLUSION</u>

The Court hereby GRANTS the Individual Defendants' motion to dismiss, as well as Larry Angel's motion to dismiss.  Plaintiff's sixth cause of action is DISMISSED WITH PREJUDICE as to all defendants except Tesoro Refining and Marketing Company. Plaintiff's eighth cause of action is DISMISSED WITHOUT PREJUDICE as to all defendants; however, Plaintiff is strongly discouraged from attempting to bring this claim against any Individual Defendant unless he can plead facts that indicate that an employee of Tesoro was so unfit for his or her position as to give rise to a plausible inference that a particular Individual Defendant was negligent in hiring, training, or supervising that employee.

The Court hereby GRANTS Tesoro Refining and Marketing Company's motion to dismiss WITHOUT PREJUDICE as to Plaintiff's sixth and eighth causes of action.  Tesoro Refining and Marketing Company's motion to dismiss is DENIED as to (1) Plaintiff's first cause of action for violation of USERRA, (2) second cause of action for violation of the ADA, (3) third cause of action for violation of FEHA, (4) fifth cause of action for wrongful termination, and (5) seventh cause of action for breach of contract; these causes of action are undisturbed as to Defendant Tesoro Refining and Marketing Company.  Should Plaintiff choose to submit an amended complaint, he must do so no later than thirty (30) days from the date of this Order.

IT IS SO ORDERED.


Dated:  March 2, 2010

_____
UNITED STATES DISTRICT JUDGE