IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. KIRBYSON, | ) Case No. 09-3990 SC |
| | ) |
| Plaintiff, | ) ORDER DENYING MOTION FOR |
| | ) <u>SANCTIONS</u> |
| v. | ) |
| | ) |
| TESORO REFINING AND MARKETING COMPANY; BRUCE SMITH; DAN PORTER; WILLIAM BODNAR; BILL REITZEL; DANIEL CARLSON; RICK RIOS; TAMMY MEAMBER; DIANE DANIELS; LARRY ANGEL; UNITED STEEL WORKERS, INTERNATIONAL UNION LOCAL 5; JEFF CLARK; STEVE ROJEK, and DOES 1 through 200, inclusive, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**I.    INTRODUCTION**

Now before the Court is the Motion for Sanctions filed by Individual Defendants Bruce Smith, Dan Porter, William Bodnar, Bill Reitzel, Daniel Carlson, Rick Rios, Tammy Meamber, and Diane Daniels (collectively, "the Individual Defendants"). Docket Nos. 36 ("Mot."), 37 ("Mem. of P. & A."). Plaintiff George Kirbyson ("Plaintiff") filed an Opposition, and the Individual Defendants submitted a Reply. Docket Nos. 43, 45. For the reasons stated below, the Motion for Sanctions is DENIED.

///

///

**II.  BACKGROUND**

Plaintiff joined the U.S. Air Force in 1994, and transitioned into the Air Force Reserve in 1999.  Second Amended Complaint ("SAC"), Docket No. 41, ¶ 9.  Plaintiff began working as a refinery operator at the Golden Eagle Refinery in November 1999.  Id. ¶ 10.  In 2003, Tesoro Refining and Marketing Company ("Tesoro") purchased the refinery.  Id.  On January 5, 2005, Plaintiff was recalled to active duty, and Tesoro placed him on a military leave of absence.  Id. ¶ 12.  While serving in Iraq, Plaintiff was injured, and permanently disabled.  Id. ¶ 13.  He was medically retired from the military in November 2008.  Id.  On December 22, 2008, Tesoro terminated Plaintiff's employment.  Id. ¶ 18.

On August 28, 2009, Plaintiff commenced this action.  See Docket No. 1 ("Compl.").  On December 3, 2009, Plaintiff filed a First Amended Complaint.  See Docket No. 15 ("FAC").  It alleged two causes of action against the Individual Defendants: (1) violation of section 389 et seq. of the California Military and Veterans Code; and (2) negligent hiring, training, supervision and retention.  Id. ¶¶ 63-66, 71-73.  The Individual Defendants filed a Motion to Dismiss, which the Court granted on March 2, 2010.  Docket Nos. 22("MTD"), 32 ("March 2, 2010 Order").

**III. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 11, the court may impose sanctions against a party or attorney when a pleading is filed for an improper purpose, when the legal contentions are not warranted by existing law or a nonfrivolous argument for the extension of existing law, or when the factual contentions lack evidentiary

support.  Fed. R. Civ. P. 11(b)-(c).  "The rule provides two independent bases for the imposition of sanctions: one if a pleading is frivolous and another if it has been filed for an improper purpose."  <u>Westlake North Property Owners Ass'n v. City of Thousand Oaks</u>, 915 F.2d 1301, 1305 (9th Cir. 1990).  The court must determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.  <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, 1127 (9th Cir. 2002).  "The key question in assessing frivolousness is whether a complaint states an arguable claim - not whether the pleader is correct in his perception of the law."  <u>Hudson v. Moore Business Forms, Inc.</u>, 836 F.2d 1156, 1159 (9th Cir. 1987).

### IV.  DISCUSSION

The Individual Defendants contend that Plaintiff's claim against them based on section 389 of the California Military and Veterans Code was baseless.  Mem. of P. & A. at 10.  Section 389 provides, in part, that "[n]o person shall discriminate against any officer, warrant officer or enlisted member of the military or naval forces of the state or of the United States because of that membership."  Cal. Mil. & Vet. Code § 394(a).  This Court determined that individual employees could not be held liable under this statute for claims arising out of the performance of personnel management duties.  March 2, 2010 Order at 9-12.  The Court noted that there was no legal authority directly on point.  <u>Id.</u> at 10.  Plaintiff's argument was text-based, relying on the fact that the statute states "no person" shall discriminate.  <u>See</u> <u>id.</u>  This

argument, although unsuccessful, was not legally baseless or frivolous.

The Court also dismissed Plaintiff's claim against the Individual Defendants for negligent hiring, training, supervision, and retention. Id. at 12. The claim was based on an allegation that, during the course of a U.S. Department of Labor investigation, Diane Daniels ("Daniels") stated she had never heard of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). See id. at 13 n.5; FAC ¶ 37. Daniels worked in Tesoro's Human Resources Department, and she informed Plaintiff of his termination. FAC ¶¶ 27-28. Although the Court found this allegation of ignorance concerning the USERRA insufficient to state a plausible claim for negligent hiring, training, supervision, and retention of Daniels, the claim was not entirely baseless or frivolous.

These were the only claims asserted against the Individual Defendants. While both claims were unsuccessful, neither claim was frivolous, and the Court cannot infer they were filed for an improper purpose. Plaintiff's counsel spent 65 hours investigating the facts and researching the law before filing the original complaint, and engaged in an additional 6.5 hours of research before filing the First Amended Complaint. Hewitt Decl. ¶¶ 3, 7.[1] After Defendants' counsel sent Plaintiff's counsel a Rule 11 letter dated January 21, 2009, see Chamberlain Decl. Ex. D,[2] Plaintiff's

---

[1] Shanan L. Hewitt, attorney for Plaintiff, filed a Declaration in Support of Plaintiff's Opposition to the Motion for Sanctions. Docket No. 43-1.

[2] Michael S. Chamberlain, attorney for Defendants, filed a Declaration in Support of the Motion for Sanctions. Docket No. 38.

4

counsel responded, explaining the basis for believing the claims against the Individual Defendants had merit, see id. Ex. C. The Court dismissed the two claims against the Individual Defendants, but the Court denied the motion to dismiss most of the claims filed against the company, Tesoro. See March 2, 2010 Order at 13-18. The circumstances of this case are not so unusual as to warrant an award of attorney fees to the Individual Defendants. Such an award would merely serve to chill zealous advocacy. The Court finds that sanctions are not appropriate in this case.

**V.      CONCLUSION**

For the reasons stated above, the Court DENIES the Motion for Sanctions filed by the Individual Defendants.

IT IS SO ORDERED.

Dated:    June 2, 2010



UNITED STATES DISTRICT JUDGE