United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. KIRBYSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TESORO REFINING AND MARKETING COMPANY; UNITED STEEL WORKERS, INTERNATIONAL UNION LOCAL 5; JEFF CLARK; STEVE ROJEK, and DOES 1 through 200, inclusive,<br><br>    Defendants. | Case No. 09-3990 SC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

Now before the Court is a Motion to Dismiss filed by Defendant Tesoro Refining and Marketing Company ("Defendant" or "Tesoro"). Docket Nos. 42 ("Motion"), 42-1 ("Mem. of P. & A."). Plaintiff George Kirbyson ("Plaintiff") filed an Opposition, and Tesoro submitted a Reply. Docket Nos. 47, 48. For the reasons stated below, Defendant's Motion is DENIED.

## II.   BACKGROUND

Plaintiff joined the U.S. Air Force in 1994, and transitioned into the Air Force Reserve in 1999. Docket No. 41 ("SAC") ¶ 9. Plaintiff began working as a refinery operator at the Golden Eagle Refinery in November 1999. Id. ¶ 10. In 2003, Tesoro purchased

1 the refinery. Id. On January 5, 2005, Plaintiff was recalled to
2 active duty, and Tesoro placed him on a military leave of absence.
3 Id. ¶ 12. While serving in Iraq, Plaintiff was injured, and
4 permanently disabled. Id. ¶ 13. He was medically retired from the
5 military in November 2008. Id. On December 22, 2008, Tesoro
6 terminated Plaintiff's employment. Id. ¶ 18.

7     On August 28, 2009, Plaintiff commenced this action. See
8 Docket No. 1 ("Compl."). On December 3, 2009, Plaintiff filed a
9 First Amended Complaint. See Docket No. 15 ("FAC"). On March 2,
10 2010, the Court granted motions to dismiss filed by a number of
11 individual defendants, and the Court dismissed without prejudice
12 Plaintiff's sixth cause of action against Tesoro for violation of
13 the California Military and Veterans Code. See Docket No. 32
14 ("March 2, 2010 Order"). On March 30, 2010, Plaintiff filed a
15 Second Amended Complaint, which reasserts that Tesoro violated the
16 California Military and Veterans Code. SAC ¶¶ 54-57. Tesoro now
17 moves for dismissal of this cause of action. Mem. of P.& A. at 2.

### III. LEGAL STANDARD

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). It requires a court to determine whether a complaint comports with Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). With regard to well-pleaded factual allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

**IV. DISCUSSION**

Section 394(a) of the California Military and Veterans Code provides:

> No person shall discriminate against any officer, warrant officer or enlisted member of the military or naval forces of the state or of the United States because of that membership. No member of the military forces shall be prejudiced or injured by any person, employer, or officer or agent of any corporation, company, or firm with respect to that member's employment, position or status or be denied or disqualified for employment by virtue of membership or service in the military forces of this state or of the United States.

Cal. Mil. & Vet. Code § 394(a). In a previous Order, the Court dismissed without prejudice Plaintiff's claim for discrimination based on his military status because the First Amended Complaint contained "no fact that suggests that other employees with disabilities were treated differently than Plaintiff." March 2, 2010 Order at 16.

In response, Plaintiff filed a Second Amended Complaint

3

containing factual allegations related to Plaintiff's claim for discrimination based on his military status. Plaintiff alleges that:

> Defendant Tesoro has provided a number of accommodations for disabled employees who are not military veterans returning from military service. At the Golden Eagle Refinery location alone, these include, but are not limited to: an operator (the same position held by Plaintiff) who was permitted to bring in a cot and lie down at work approximately every 30 minutes after a softball injury; a disabled employee working as an operator who was permanently assigned to the control room which permitted the employee to perform virtually all work sitting down; a pregnant operator who was permitted to work in the control room until her maternity leave began; a disabled operator who was provided with an assistant to 'shadow' him while performing his duties as an operator; an operator in Plaintiff's unit who was allowed to work solely in the control room following elective stomach staple surgery; an operator who contracted cancer and was given a job as a training coordinator when no longer able to work in the refinery's process area; an operator who worked solely in the control room after knee replacement surgery until the time of his retirement; and a maintenance supervisor who suffered a heart attack rendering him unable to perform duties in the refinery's process area and was placed in a turnaround planning position which no longer required the employee to enter the refinery's process area. Despite Defendant Tesoro's accommodations of numerous non-military/reservist employees at Golden Eagle Refinery, Defendant refused to accommodate or even attempt to accommodate returning military veteran and reservist George Kirbyson.

SAC ¶ 19. Plaintiff therefore alleges that Tesoro accommodated eight disabled employees who were not members of the military, but refused to accommodate Plaintiff. These factual allegations are not conclusory, so the Court must assume their truth. See Iqbal, 129 S.Ct. at 1950. Assuming their veracity, these factual allegations give rise to a plausible claim for discrimination based

4

on Plaintiff's membership in the military.

Tesoro attempts to persuade the Court that these allegations do not give rise to a plausible claim.  Tesoro contends that "Plaintiff fails to plead, and completely ignores, the many fact specific reasons why Tesoro may have been able to accommodate those employees," and that it would be improper for the Court to infer that Plaintiff was similarly situated to these other employees. Mot. at 8-9.  However, if Tesoro accommodated eight disabled employees who were not members of the military, and refused to accommodate a disabled military veteran, then one plausible explanation is that the veteran was a victim of discrimination based on his membership in the military.  While discovery may reveal the "many fact specific reasons" why Plaintiff was treated differently, Plaintiff's factual allegations make it inappropriate for the Court to dismiss the military discrimination claim at the pleading stage.

In Tesoro's Reply brief, Tesoro incorrectly argues that Plaintiff must "plead" facts demonstrating that he was similarly situated to employees outside of his class who received more favorable treatment.  Reply at 4-5.  The cases cited by Tesoro in support of this contention do not concern pleading standards.  See Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007) (discussing evidence necessary to withstand summary judgment in discrimination case); Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992) (same); Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004) (same); Vasquez v. County of Los Angeles, 349 F.3d 634, 640-41 (9th Cir. 2003) (same); Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 633 (9th Cir.

2002) (same); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1282-83 (9th Cir. 2000) (same); Beck v. United Food and Commercial Workers Union, Local 99, 506 F.3d 874, 885 (9th Cir. 2007) (discussing evidence necessary to support inference of discriminatory intent after bench trial).  Given that this case is still at the pleading stage, Tesoro's attempt to get the Court to dismiss Plaintiff's military discrimination claim based on his failure to show he was similarly situated to non-military employees who were accommodated is simply premature.

Whether Plaintiff will be able to prove his claim for military discrimination is another matter entirely.  Reviewing the allegations in Plaintiff's Second Amended Complaint as a whole, it still seems more likely that Plaintiff was terminated because of his disability, not because of his status as a member of the military.  However, the question presently before the Court is whether Plaintiff's Second Amended Complaint contains enough factual content to make his claim for discrimination based on his military status plausible.  Plaintiff's account of how Tesoro accommodated eight non-military employees with disabilities lends plausibility to his military discrimination claim.[1]  Therefore, the Court DENIES Tesoro's motion to dismiss the sixth cause of action in Plaintiff's Second Amended Complaint.

///

///

///

---

[1] Because the Court finds that Plaintiff's allegations regarding these other employees lend plausibility to his claim for military discrimination, the Court does not need to address Plaintiff's allegations that he faced resentment and hostility at Tesoro because of his status as a military reservist.

6

**V.    CONCLUSION**

For the reasons stated above, the Court DENIES the Motion to Dismiss filed by Defendant Tesoro Refining and Marketing Company.

IT IS SO ORDERED.

Dated:   June 10, 2010            
                                  UNITED STATES DISTRICT JUDGE