IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. KIRBYSON, | ) Case No. 09-3990 SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANT'S |
| v. | ) MOTION FOR JUDGMENT ON THE |
| | ) PLEADINGS |
| TESORO REFINING AND MARKETING COMPANY; UNITED STEEL WORKERS, INTERNATIONAL UNION LOCAL 5, and DOES 1 through 200, inclusive, | ) |
| | ) |
| Defendants. | ) |

## I. INTRODUCTION

Now before the Court is a Motion for Judgment on the Pleadings ("Motion") filed by Defendant United Steel Workers, International Union Local 5 ("Defendant" or "the USW"). Docket Nos. 46. Plaintiff George Kirbyson ("Plaintiff") filed an Opposition, and Defendant submitted a Reply. Docket Nos. 47, 50. For the reasons stated below, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Plaintiff joined the U.S. Air Force in 1994, and transitioned into the Air Force Reserve in 1999. Docket No. 41 ("SAC") ¶ 9. Plaintiff worked as a refinery operator for Tesoro Refining and

1  Marketing Company ("Tesoro").  Id. ¶ 10.  On January 5, 2005,
2  Plaintiff was recalled to active duty, and Tesoro placed him on a
3  military leave of absence.  Id. ¶ 12.  While serving in Iraq,
4  Plaintiff was injured, and he became permanently disabled.  Id.
5  ¶ 13.  He was medically retired from the military in November 2008.
6  Id.  On December 22, 2008, Tesoro terminated Plaintiff's
7  employment.  Id. ¶ 18.

8      Plaintiff was a member of the USW.  Id. ¶ 20.  On December 22,
9  2008, Plaintiff contacted Steve Rojek ("Rojek"), his union
10 representative, in order to file a grievance regarding his
11 termination.  Id. ¶ 21.  Defendant filed the grievance on December
12 29, 2008, and Rojek told Plaintiff that "the grievance would
13 probably not go very far due to Defendants Tesoro and USW Local 5's
14 current union contract negotiations."  Id. ¶¶ 21, 25.  On January
15 6, 2009, Plaintiff spoke with the USW Secretary and Treasurer Jeff
16 Clark ("Clark") about his grievance.  Id. ¶ 26.  Clark informed
17 Plaintiff "weeks later that his grievance had been denied and that
18 nothing would likely 'be happening' regarding his grievance until
19 after the current collective bargaining negotiations concluded."
20 Id.  Plaintiff alleges that the USW failed to pursue the matter any
21 further.  Id.

22     On August 28, 2009, Plaintiff commenced this action.  See
23 Docket No. 1 ("Compl.").  On December 3, 2009, Plaintiff filed a
24 First Amended Complaint.  Docket No. 15 ("FAC").  On December 10,
25 2009, USW filed an Answer to the FAC.  Docket No. 17.  On March 30,
26 2010, Plaintiff filed a Second Amended Complaint.  Docket No. 41
27 ("SAC").  On April 19, 2010, USW answered the SAC.  Docket No. 44.
28 On June 24, 2010, Tesoro answered the SAC.  Docket No. 55.  USW now

moves for judgment on the pleadings against Plaintiff.

### III. LEGAL STANDARD

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 979 (9th Cir. 1999). To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009).

### IV. DISCUSSION

Plaintiffs' second, fourth, and sixth causes of action are asserted against the USW. See SAC ¶¶ 35-39, 45-49, 54-57.[1] The second cause of action alleges violation of the Americans with Disabilities Act ("ADA"); the fourth cause of action alleges a breach of the statutory duty of fair representation; and the sixth

---

[1] The Court notes that the caption of the SAC names Clark and Rojek as individual Defendants, but none of the causes of action are asserted against Clark and Rojek. See SAC. The USW states that Plaintiff has withdrawn its claims against these individuals, see Mot. at 2, and Plaintiff does not contend otherwise. See Opp'n. The Court therefore construes the SAC as asserting three claims against the USW, but not against the individuals Clark and Rojek, who are no longer parties to this action.

3

cause of action alleges violation of California's Military and Veterans Code. See id.

The USW moves for judgment on the pleadings with respect to each of these claims. A party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). While the USW should have waited until after Tesoro filed its Answer to the SAC before moving for judgment on the pleadings, now that Tesoro has answered the SAC, the Court will address the USW's motion.

### A.   ADA Claim

Plaintiff's second cause of action alleges that both Tesoro and the USW violated the ADA. The USW contends that Plaintiff's ADA claim against the union should be dismissed because the SAC contains no factual allegations that the USW was involved in the decision to terminate Kirbyson. Mot. at 15. The Court agrees. The SAC alleges that Kirbyson contacted Rojek, his union representative, "after being informed of his termination." SAC ¶ 21. Kirbyson accuses the USW of a "lack of initiative regarding his union grievance." Id. ¶ 26. Having reviewed the allegations in the SAC, his allegations against the union have nothing to do with his employer's decision to terminate him, or with Tesoro's alleged failure to reasonably accommodate his disability. See id. ¶¶ 15-28. Since the SAC is devoid of the necessary factual allegations, the Court grants judgment on the pleadings in favor of the USW on Plaintiff's second cause of action against the USW.

While normally the Court would give Plaintiff leave to amend, Kirbyson has already amended his complaint twice, and Kirbyson's Opposition brief contains no argument in defense of his claim that

4

the USW violated the ADA. See Opp'n. Having failed to defend this claim despite an opportunity to do so, the Court will not permit Plaintiff to amend the SAC to assert an ADA claim against the USW.

### B. Duty of Fair Representation

Kirbyson accuses the USW of breaching its duty of fair representation by "failing to pursue Plaintiff's grievance in violation of the collective bargaining agreement and processing Plaintiff's grievance in a perfunctory manner." SAC ¶ 47. Kirbyson alleges that the USW's actions were "arbitrary, discriminatory, and/or in bad faith." Id. ¶ 48. The USW moves to dismiss the claim on the basis that the SAC does not set forth sufficient factual allegations, and based on the six-month statute of limitations that applies to claims for breach of the duty of fair representation. Mot. at 10-12.

The Court finds that the USW's motion is premature. Plaintiff was told his grievance would not go very far because of union contract negotiations with Tesoro. This factual allegation lends plausibility to his claim that the union breached its duty of fair representation. The USW also contends that this cause of action is time-barred, but it is not clear to the Court when Plaintiff's cause of action accrued. Plaintiff alleges that he was told his grievance had been denied sometime after January 6, 2009. SAC ¶ 26. In its Motion, the USW suggests it was still pursuing Plaintiff's grievance after January 31, 2009. See Mot. at 11 ("The Decision of the Union to defer processing the grievance . . . [until] after January 31, 2009 was an act of judgment."). After the parties engage in discovery, the Court will be in a better position to determine if the USW's conduct constitutes a breach of

5

its duty, and if Plaintiff's claim is time-barred. The Court DENIES the USW's motion for judgment on the pleadings with respect to Plaintiff's fourth cause of action for breach of the duty of fair representation.

### C. California Military and Veterans Code

Plaintiff's sixth cause of action alleges that both Tesoro and the USW discriminated against Kirbyson based on his military status. Compl. ¶¶ 54-57. The Complaint contains no factual allegations supporting his claim that the USW discriminated against him. As noted above, Plaintiff was told his grievance would not go very far because of on-going union contract negotiations. Id. ¶¶ 21, 25. There are no allegations that his grievance was not pursued because Plaintiff was a member of the military. Plaintiff's Opposition brief does not respond to this contention. See Opp'n. Accordingly, the Court GRANTS the USW's motion for judgment on the pleadings with respect to Plaintiff's sixth cause of action. Plaintiff had an opportunity to respond, and failed to do so. Therefore, Plaintiff is not permitted to amend the sixth cause of action to allege a claim for military discrimination against the USW.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Motion for Judgment on the Pleadings filed by Defendant United Steel Workers, Local 5. The Court GRANTS the motion with respect to Plaintiff's second and sixth causes of action against Defendant United Steel Workers, Local 5. The Court DENIES the motion with respect to Plaintiff's fourth cause of

6

1 action.  All parties shall appear for a Case Management Conference
2 on September 17, 2010, at 10:00 a.m. in Courtroom 1, on the 17th
3 floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA
4 94102.

6     IT IS SO ORDERED.

8     Dated:   July 12, 2010



UNITED STATES DISTRICT JUDGE